**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTER DISTRICT OF VIRGINIA**
**Norfolk Division**

| | | |
|---|---|---|
| **DEBRA HUTCHINS,** | ) | |
| | ) | |
| | ) | **CIVIL ACTION NO:** |
| **Plaintiff,** | ) | |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **TATA CONSULTANCY SERVICES** | ) | |
| **LIMITED** | ) | |
| | ) | |
| **Serve: CT Corporation System** | ) | |
| **4701 Cox Rd Ste 285** | ) | |
| **Glen Allen, VA 23060-6808** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Debra Hutchins ("Hutchins" or "Plaintiff"), by counsel, for her Complaint against Defendant Tata Consultancy Services Limited ("TCS" or "Defendant"), alleges as follows:

### THE PARTIES

1.     Plaintiff Hutchins is a natural person, and at all times relevant hereto was, a citizen of the Commonwealth of Virginia, residing in the city of Virginia Beach, Virginia.

2.     Defendant TCS is an Indian corporation, with its principal place of business located at 101 Park Avenue, Floor 26, New York, New York.

### JURISDICTION AND VENUE

3.     This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §§ 1331.  Venue properly lies in this Court because the controversy involves Defendant's behavior at Plaintiff's place of employment, in the Eastern District of Virginia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.      Prior to instituting this suit, Hutchins timely filed an administrative claim with the

Norfolk Office of the Equal Employment Opportunity Commission (EEOC) on December 1,

2020.  A true and correct copy of the Charge of Discrimination is attached to this complaint and

incorporated by reference as Exhibit "A."  Plaintiff's Charge of Discrimination specifically

claims "disability" based discrimination in violation of Title VII of the Civil Rights Act of 1964.

5.      The EEOC failed to resolve the claim and issued a right-to-sue letter dated March 25,

2021.  A true and correct copy of the right-to-sue letter is attached to this complaint and

incorporated by reference as Exhibit "B."  Hutchins received the EEOC's right-to-sue letter on

March 28, 2021. Plaintiff has filed her complaint within 90 days from the date she received his

notice authorizing the right to bring this action.

## STATEMENT OF FACTS

6.      Plaintiff Hutchins is a Black female.

7.      Hutchins is, and at all relevant times was, a qualified individual with a disability within

the meaning of the ADA.

8.      Hutchins began employment on November 26, 2012 as a Practice Lead, Healthcare

Sector for Defendant.  As such, Hutchins supervised multiple teams of individuals across the

country.

9.      From 2012 through 2018 Hutchins consistently earned positive annual evaluations and

related economic bonuses.

10.      Until 2017 Hutchins continually travelled across the United States and India for job

related duties.

11.     In or about 2017 Hutchins began working remotely (mostly from her home in Virginia Beach).  Hutchins' was no longer required to travel as part of her regular job duties.

12.     In or around December 2018, Hutchins was diagnosed with Stage 2 Multiple Myeloma, a type of blood cancer.

13.     Pursuant to TCS company policy, Hutchins immediately informed her direct supervisor, Magna Hadley ("Hadley"), Lead Vice President.  Hutchins explained to Hadley that her diagnosis severely affected her abilities to perform everyday activities, including walking – at that time she was dependent on a rollator and/or wheelchair.

14.     Hadley did not inquire into Hutchins' abilities, or otherwise engage in any interactive process with Hutchins concerning what accommodations, if any, she might require.

15.     Hutchins tried to discuss her medical needs and accommodations with Hadley.

16.     Instead, Hadley immediately instructed Hutchins to activate her vacation and sick leave. Hutchins was further instructed to no longer contact Hadley but rather communicate with Defendant's Human Resources Department.  Her main contact at HR was "Julia Love."

17.     Hadley was aware of Hutchins' skill set, experience, job accolades while working with TCS, success working from home, and TCS' multiple job openings that would have accommodated Hutchins limited abilities throughout 2018 and 2019.

18.     From May 1, 2018 to May 21, 2018, Hutchins exhausted her fifteen (15) paid vacation days.

19.     From May 22, 2018 to June 4, 2018, Hutchins exhausted her nine (9) paid sick days.

20.     Pursuant to Love's instructions, on or about May 23, 2018 Hutchins submitted FMLA paperwork to TCS and was granted leave.

21.     On June 21, 2019, Hutchins again approached TCS with a request for an accommodation due to her cancer.

22.     Throughout 2018 and into 2019 Hutchins received multiple email communications from TCS advertising job openings that would compliment her skill set and experience.  TCS did nothing to inquire into what accommodations might suit Hutchins' health impairment.

23.     On June 26, 2020, Hutchins received written notice that her "employment with TCS was terminated effective June 30, 2020."  TCS did not share with Hutchins any reason for the termination other than saying that her services were no longer required.

### <u>COUNT I</u>
FAILURE TO PROVIDE A REASONABLE ACCOMMODATION AS NECESSITATED BY PLAINTIFF'S DISABILITY IN VIOLATION OF 42 U.S.C. § 12101 *et seq.*

24.     Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

25.     At all times relevant herein, Defendant was an "employer" and Plaintiff was an "employee" under the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101 et seq.

26.     At all relevant times, Plaintiff was a "qualified person with a disability" within the meaning of the ADA.

27.     Defendant was fully aware of Plaintiff's physical impairment. Despite being aware of Plaintiff's medical conditions, Defendant failed to engage in the interactive process and failed to provide reasonable accommodations as required by the ADA.  Defendant would not have endured any undue hardship by providing Plaintiff the requested reasonable accommodations.

28.     Plaintiff requested accommodations (*e.g.,* working from home or an alternate job position) on numerous occasions.  Defendant repeated ignored and/or denied Plaintiff's requests.

29.     Defendants violated Hutchins' civil rights by discriminating against her on the basis of her disability, history of disability and/or perceived disability.

30.     Defendants violations of the ADA were willful.  Defendant's unlawful practices were carried out with malice and/or reckless indifference to Hutchins' federal rights.

31.     As a direct and proximate result of Defendants' violations of the ADA, Plaintiff has suffered damages, including but not limited to loss of past and future income and fringe benefits, loss of professional reputation, mental anxiety and emotional distress.

32.     Plaintiff is entitled to recover her reasonable attorney fees, costs and expert witness expenses pursuant to the ADA.

## COUNT II
### WRONGFUL TERMINATION BY REASON OF DISABILITY DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 12101 *et seq.*

33.     Plaintiff repeats and realleges each and every Paragraph of this Complaint as thought fully set forth herein.

34.     Plaintiff has a physical impairment that substantially limits one or more major life activities. 42 U.S.C. § 12101 et seq.

35.     Plaintiff was qualified for the position she held and was able to perform its essential functions.

36.     Defendant terminated Plaintiff's employment without justification.

37.     Defendant knew Plaintiff had a disability.  Defendant repeated denied Plaintiff's requested accommodations (*e.g.,* working from home or an alternate job position).   Accordingly, Defendant harmed Plaintiff by wrongfully terminating her by reason of disability discrimination, all in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

38.     As a direct and proximate result of Defendants' violations of the ADA, Plaintiff has suffered damages, including but not limited to loss of past and future income and fringe benefits, loss of professional reputation, mental anxiety and emotional distress.

39.     Plaintiff is entitled to recover her reasonable attorney fees, costs and expert witness expenses pursuant to the ADA.

## **COUNT III**
WRONGFUL RETALIATION IN VIOLATION OF FMLA 29 U.S.C. § 2601 *et seq.*

40.     Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

41.     Defendant qualifies as an "employer" as defined in the FMLA, 29 U.S.C. § 2611(4), and Plaintiff is an "eligible employee" as defined in the FMLA, 29 U.S.C. § 2611(2).

42.     Plaintiff was covered under the FMLA as an employee with a serious health condition employed by Defendant for at least twelve months, and who had performed at least 12,50 hours of service during the previous twelve-month period.  29 U.S.C. § 2611(2).

43.     Plaintiff had an "entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612(1) and was retaliated against for taking leave as prescribed in the FMLA.

44.     Under the FMLA, "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." *Id.* §2515(a).

45.     The FMLA's "prohibition against 'interference' prohibits an employer from discriminating or retaliating against an employee . . . for having exercised or attempted to exercise FMLA rights. . . ." 29 C.F.R. § 825.220(c).

*46.*     "[E]mployers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions, or disciplinary actions." *Id.*

*47.* Employers who violate the FMLA "may be liable for compensation and benefits lost by reason of the violation, for other actual monetary losses sustained as a direct result of the violation, and for appropriate equitable or other relief, including employment, reinstatement, promotion, or any other relief tailored to the harm suffered." *Id.* § 825.220(b); 29 U.S.C. § 2617.

48. Defendant is responsible under the FMLA for retaliating against Plaintiff in violation of her federal rights.

49. As of Plaintiff's firing, Hutchins has incurred, and is now incurring, a loss of wages and continuing medical expenses, all within the meaning of the FMLA, 29 U.S.C. § 2617(a), in an amount to be proved at trial. These costs and damages include, without limitation, lost wages and medical expenses during Plaintiff's period of unemployment, back pay from the effective date of termination, lost medical expenses, and lost employment benefits, the loss of front pay as of the date of this complaint, attorneys' fees and costs, and any interest on the amount thereon as provided by the FMLA, 29 U.S.C. § 2617.

50. Defendant discriminated against Plaintiff in violation of the FMLA when Defendant terminated Plaintiff because of her taking FMLA leave interfering with Plaintiff's right to reinstatement and other rights under the FMLA.

51. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights under the FMLA.

52. Plaintiff has suffered damages as a result of Defendant's unlawful actions.

53. Plaintiff is entitled to recover her reasonable attorney fees, costs and expert witness expenses pursuant to the FMLA.

<u>JURY DEMAND</u>

Plaintiff demands a jury trial.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, Debra Hutchins, prays for entry of judgment in favor of Plaintiff and

against Defendant Tata Consultancy Services Limited. in the form of the following relief:

      a.      Back Pay;

      b.      Front Pay;

      c.      Compensatory Damages;

      d.      Punitive Damages;

      e.      Attorneys' fees and court costs associated with this suit; and

      f.      Other such relief as may be appropriate to effectuate the purpose of justice.

Date: June 24, 2021                    Respectfully submitted,

                                      DEBRA D. HUTCHINS

                                      _/s/_ Todd M. Gaynor
                                      Todd M. Gaynor, Esquire
                                      Virginia Bar No.: 47742
                                      GAYNOR LAW CENTER, P.C.
                                      440 Monticello Avenue, Suite 1800
                                      Norfolk, Virginia 23510
                                      PH: (757) 828-3739
                                      FX: (75) 257-3674
                                      EM: tgaynor@gaynorlawcenter.com
                                      *Counsel for Plaintiff*