UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| DEBRA HUTCHINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:21cv356 |
| ) | |
| TATA CONSULTANCY SERVICES ) | |
| LIMITED, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Tata Consultancy Services Limited's ("Tata" or "Defendant") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and accompanying memorandum in support. ECF No. 18–19. Plaintiff Debra Hutchins ("Hutchins" or "Plaintiff") filed a memorandum in opposition, ECF No. 18, and Defendant filed a reply, ECF No. 21. This matter was referred to the undersigned United States Magistrate Judge ("undersigned") pursuant to a referral order from the United States District Judge. ECF No. 22. Having reviewed the briefing and the relevant authority, the undersigned has determined that a hearing is not necessary for adjudication of this motion in accordance with Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the reasons set forth below, the undersigned recommends that the Motion to Dismiss, ECF No. 18, be **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On June 24, 2021, Hutchins filed a Complaint alleging three counts stemming from Tata's termination of Hutchins's employment. ECF No. 1 at 4–8. Tata filed a motion to dismiss the

Complaint pursuant to Rule 12(b)(6) which was referred to the undersigned on November 4, 2021, for a report and recommendation. ECF Nos. 5, 13. Following a hearing, the undersigned recommended that the United States District Judge dismiss the Complaint and allow Hutchins leave to file an amended complaint. ECF Nos. 14–15. On December 17, 2021, United States District Judge Smith adopted and approved the report and recommendation, and granted the motion to dismiss with leave to file an amended complaint. ECF No. 17. Hutchins has now done so, leading to Tata's instant Motion to Dismiss.

In evaluating a motion to dismiss under Rule 12(b)(6), "well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the Plaintiff." *Venkatraman v. REI Sys. Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *see also Conley v. Gibson*, 355 U.S. 41 (1957). In her Amended Complaint, Hutchins alleges a single count of wrongful termination by reason of disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, as amended. To support her Amended Complaint, Hutchins alleges she began her employment with Tata in 2012 as a Practice Lead, Healthcare Sector and received both positive annual reviews and related economic bonuses. ECF No. 16, ¶¶ 11–12. Hutchins was diagnosed with Stage 2 Multiple Myeloma, a type of blood cancer, in or around December 2017.[1] *Id.*, ¶ 13. Following her diagnosis, Hutchins informed her direct supervisor, Magna Hadley ("Hadley"), and proceeded to work from home from January 2018 through April 2018. *Id.*, ¶¶ 13–15. When Hutchins informed Hadley that her disability severely affected her abilities to perform everyday activities, including walking, Hadley recommended that Hutchins activate her vacation and sick leave. *Id.*, ¶¶ 16–17. Hutchins used approximately three to four weeks of vacation in April and May of 2018.

---

[1] As initially pointed out in the prior Report and Recommendation, ECF No. 15 at 2, Hutchins's allegations of when she was diagnosed with cancer are inconsistent with her statements to the EEOC. In her Charge of Discrimination, Hutchins alleged that she was "diagnosed on or around December 2018." *See* ECF No. 1, attach. 1.

2

*Id.*, ¶ 17. After exhausting her vacation and sick leave, at Hadley's suggestion, Hutchins applied for and received short term disability in May of 2018. *Id.*, ¶¶ 18–19. Subsequently, in June 2018, Hutchins applied for and received long term disability. *Id.*, ¶ 22.

Throughout 2018 and 2019, Hutchins maintained contact with Tata's representatives, and spoke with Human Resources employee Naveen about her health condition. *Id.*, ¶¶ 21, 24–26. In late October 2019, Hutchins called Naveen with a health update but neither Naveen nor any other employee of Tata returned her call. *Id.*, ¶ 26. Hutchins made repeated calls throughout the remainder of 2019 and in early 2020, but did not hear back from Tata until Naveen called Hutchins on May 23, 2020.[2] *Id.*, ¶¶ 27–28. On that date, Naveen informed Hutchins that she would have to return to work, and Hutchins told Naveen that she was "ready to return to work." *Id.*, ¶ 28. Naveen told Hutchins that Tata would contact her about available full-time positions soon. *Id.*, ¶ 29. Hutchins asked Naveen "What's my next step?", and Naveen responded, "We'll get back to you." *Id.*

At 4:40 p.m. on June 8, 2020, Naveen emailed Hutchins requesting that she "send [her] paperwork to Julia marked in the email to validate and review your request." *Id.*, ¶ 30. On June 26, 2020, Naveen called Hutchins and stated that her employment with Tata was terminated as of that date. *Id.*, ¶ 33. Hutchins received other correspondence confirming that her termination was effective June 26, 2020. *Id.*, ¶ 34–35. Although Naveen did not explain why Hutchins was terminated, Hutchins alleges that she was fired because Tata "illegally regarded her as disabled and/or retaliated against her for having (and/or being perceived as having) a disability." *Id.*, ¶¶ 33, 36.

---

[2] Although the Amended Complaint states that Naveen called Hutchins on May 23, 2019, Hutchins represents in her memorandum that the correct date is May 23, 2020. ECF No. 20 at 5, n.1.

Hutchins filed a Charge of Discrimination with the Virginia Division of Human Rights and the EEOC regarding her discharge on December 1, 2020. *Id.*, ¶ 7; attach. 1. The EEOC did not resolve Hutchins's claim and the EEOC issued a right to sue letter on March 25, 2021. *Id.*, ¶ 8; attach. 2.

After Hutchins filed the Amended Complaint, Tata filed the instant motion to dismiss, arguing that the Amended Complaint appears to actually set forth a failure to accommodate claim, and Hutchins's allegations are insufficient to support such a claim. ECF No. 19 at 1–2. Tata contends that Hutchins failed to allege sufficient facts to support a failure to accommodate claim because she never alleged that she responded to Naveen's email about documentation, and therefore she could not have engaged in the "interactive process" required for reasonable accommodations. *Id.* at 7–9. Tata further contends that extended leave—Hutchins' requested accommodation—is not a reasonable accommodation under the ADA.[3] *Id.* Tata further contends that to the extent Hutchins is pursuing a wrongful termination claim, she has not sufficiently alleged that she was meeting her employer's reasonable expectations at the time of her termination, because she was not working at the time of her termination. ECF No. 21 at 3–4. In response, Hutchins focuses on the failure to accommodate issue, arguing that the determination of which

---

[3] This argument is not based on any factual assertions in the Amended Complaint. Instead, Tata asks the Court to take judicial notice of "statements Hutchins made to the [EEOC] during the administrative process" because they are public records and inconsistent with Hutchins's EEOC charge. ECF No. 19 at 2. First, Tata cites no pertinent authority for the proposition that EEOC documents are public records of which the Court may take judicial notice. ECF No. 19 at 4 (citing *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015) (involving Securities and Exchange Commission documents); *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013) (involving city council meeting documents)). Interestingly, in *Zak*, the Fourth *declined* to take judicial notice of certain public filings submitted to the Securities and Exchange Commission because those documents were not integral to the complaint and declined to consider them as such even though their accuracy could not be reasonably questioned under Federal Rule of Evidence 201. *Zak*, 780 F.3d at 607. Most importantly and most problematically here, the document that Tata asks the Court to take judicial notice of—"Ex. A," which Defendant represents is a phone interview with an EEOC investigator—is not attached to any filing in this case. *See* ECF No. 19 at 2, 4 n.1, 5 n.2, 6 n.3. Accordingly, the Court declines to take judicial notice of "Ex. A" and did not consider Tata's arguments purportedly based on this document.

4

party broke down the interactive process is a question of fact and not appropriate to consider on this motion to dismiss, and that she did not plead that she requested extended leave as a reasonable accommodation under the ADA. ECF No. 20 at 3–5.

## II. **STANDARD OF REVIEW**

A motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the legal sufficiency of a complaint. *Jordan v. Alternative Resources Corp.*, 458 F.3d 332, 338 (4th Cir. 2006). While considering this motion, the court must assume that the facts alleged are true and view them in the light most favorable to the plaintiff. *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To be sufficient under Rule 8, the pleading must meet two basic requirements: it must contain sufficient factual allegations and those allegations must be plausible. *Adiscov, LLC v. Autonomy Corp.*, 762 F. Supp. 2d 826, 829 (E.D. Va. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). First, sufficient factual allegations include "more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do;" rather, "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Second, to "nudge[] their claims across the line from conceivable to plausible," *id.* at 570, "plaintiff[s] [must] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678. Indeed, to achieve factual plausibility, plaintiffs must allege more than "naked assertions . . . without some further factual enhancement."

*Twombly*, 550 U.S. at 557. Otherwise, the complaint will "stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.*

Consequently, when considering a motion to dismiss, only those allegations which are factually plausible are "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (noting that legal conclusions must be supported by factual allegations). "At bottom, determining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citations omitted). Additionally, if a motion to dismiss "involves 'a civil rights complaint, [a court] must be especially solicitous of the wrongs alleged and must not to dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Hall v. Burney*, 454 F. App'x 149, 150 (4th Cir. 2011).

### III. ANALYSIS

#### A. Hutchins Does Not Allege a Cognizable Failure to Accommodate Claim.

As a threshold matter, the Court notes that Hutchins does not allege a cognizable failure to accommodate claim. To establish a prima facie case for failure to accommodate, a plaintiff must show that: "(1) she was an individual who had a disability within the meaning of the statute; (2) the [employer] had notice of her disability; (3) with reasonable accommodation she could perform the essential functions of the position; and (4) the [employer] refused to make such accommodations." *Rhoads v. Federal Dep. Ins. Corp.*, 257 F.3d 373, 387 n.11 (4th Cir. 2001). "Implicit in [the requirement that the employer refused to make a reasonable accommodation], is the requirement that the employee has, in good faith, engaged in an interactive process to identify,

6

in cooperation with the employer, what would constitute a reasonable accommodation." *May v. Roadway Express, Inc.*, 221 F. Supp. 2d 623, 627 (D. Md. 2002).

Confusingly, although Hutchins's claim is entitled "wrongful termination by reason of disability discrimination" in violation of the ADA, Hutchins injects language specific to a failure to accommodate claim in her Amended Complaint. ECF No. 16 at 5–6. Specifically, Hutchins alleges that "Defendant failed to engage in any interactive process to discuss Hutchins's needs (if any) to accommodate her disability," which, as noted above, is language indicative of an employer's failure to make a reasonable accommodation. *Id.*, ¶ 43. However, Hutchins's Amended Complaint is devoid of any allegation that she requested any accommodation upon her return to work. *See id.* at 5–6. The Amended Complaint simply alleges that Hutchins requested to return to work—without stating that she requested to return to work *with an accommodation*. *Id.*, ¶¶ 29–30, 42.

Thus, to the extent that Hutchins attempts to set forth a failure to accommodate claim, the Amended Complaint fails to allege sufficient facts to support that claim. In the same vein, the Court notes that although the parties devote much of their briefing discussing the "interactive process" between Hutchins and Tata, that inquiry is only marginally relevant, as the "interactive process" is an analysis specific to a failure to accommodate claim. Accordingly, the communications between Hutchins and Tata are only relevant to the extent Hutchins can allege that those communications give rise to a reasonable inference of unlawful discrimination to support her wrongful termination claim, as discussed below.

B. Hutchins Pleaded Sufficient Facts to Support an ADA Wrongful Termination Claim.

The sole count in the Amended Complaint alleges wrongful termination under the ADA. ECF No. 16 at 5–6. To state a claim for wrongful termination under the ADA, a plaintiff must

7

allege sufficient facts to show that: (1) she is within the ADA's protected class; (2) she was discharged; (3) she was performing the job at a level that met her employer's legitimate expectations at the time of her discharge; and (4) her discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination. *Haulbrook v. Michelin N. Am.*, 252 F.3d 696, 702 (4th Cir. 2001). Tata challenges Hutchins's wrongful termination claim on the grounds that she has not alleged sufficient facts to support the third element of her claim.

Tata argues that Hutchins fails to plead sufficient facts to support the proposition that her performance met her employer's legitimate job expectations at the time of her termination because Hutchins was out on leave and not working at the time of her termination. ECF No. 21 at 2–4. This argument fails, however, because Tata "could have no legitimate expectations that [] plaintiff would perform while she was on leave." *Pettus v. Am. Safety Razor Co.*, No. CIV. A. 599CV000103, 2001 WL 418723, at *3 n.6 (W.D. Va. Mar. 29, 2001); *Taylor v. Temp-Air*, 758 F. Supp. 2d 563, 566 (N.D. Ill. 2010) (holding that the plaintiff's employer could not have reasonably expected her to work because she was on leave at the time of the adverse employment action). Tata's argument—that Hutchins could not have met her employer's legitimate expectations at the time of her alleged termination because she was on leave—"would sanction virtually any adverse employment action against an employee so long as the action was taken when the employee was on leave." *Taylor*, 758 F. Supp. 2d at 566. Here, the Amended Complaint alleges that Hutchins consistently received positive annual evaluations and economic bonuses throughout her employment with Tata, including up to when she went out on disability leave. ECF No. 16, ¶¶ 12, 19–20. The Amended Complaint alleges that Hutchins then went on disability leave for approximately two years, but was ready and willing to come back to work, but was terminated

instead. Accordingly, Hutchins has sufficiently alleged that at the time of her discharge, she was performing her job at a level that met her employer's legitimate expectations.[4]

Although Tata did not specifically articulate a challenge to the fourth element of Hutchins's wrongful termination claim apart from its arguments related to a potential failure to accommodate claim, the Court finds that Hutchins has pleaded sufficient facts to make a plausible claim that her discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination. The Amended Complaint alleges that Hutchins advised Tata she was ready and willing to come back to work, but Tata would not communicate with her regarding her return to work, ECF No. 16, ¶¶ 28–32, 44, that Tata regarded her as disabled, *id.*, ¶ 36, and that Tata ultimately terminated her for that reason, *id.*, ¶ 44. Drawing all reasonable inferences from the asserted facts in favor of the Plaintiff, as the Court is required to do, Hutchins has alleged sufficient facts to state a claim that her discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination.

Accordingly, the undersigned **FINDS** that Hutchins has pleaded sufficient facts to support a claim for wrongful termination in violation of the ADA.

## IV. RECOMMENDATION

For the reasons stated herein, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss, ECF No. 18, be **DENIED**.

## V. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

---

[4] The prior Report and Recommendation noted that Hutchins did not sufficiently plead wrongful termination because she failed to sufficiently allege she was meeting her employer's legitimate expectations at the time of her termination. ECF No. 15 at 5. At that point, the Complaint was entirely unclear as to what Hutchins's employment status was at the time Tata terminated her employment. *See id.* In contrast, the Amended Complaint clarifies that when Tata terminated Hutchins's employment, she was on disability leave and communicated that she was ready to return to work. *See* ECF No. 16, ¶¶ 22, 29.

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen (14) days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/ Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
April 14, 2022